BRADLEY DALE FAWCETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fawcett v. Commissioner
Docket No. 1147-85.
United States Tax Court
T.C. Memo 1985-214; 1985 Tax Ct. Memo LEXIS 416; 49 T.C.M. (CCH) 1397; T.C.M. (RIA) 85214; May 6, 1985. *416 P, in a correctly addressed envelope, timely mailed a petition to the Tax Court. The envelope was returned to P marked "insufficient postage" by the U.S. Postal Service. P remailed the petition in another envelope, which also contained the envelope originally mailed, with proper postage after the 90-day period provided by secs. 6213 and 7502, I.R.C. 1954, as amended. Held, petition not timely filed, this Court lacks jurisdiction and R's Motion to Dismiss is granted. Bradley Dale Fawcett, pro se. Richard J. Shipley and Willie E. Armstrong, Jr., for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed on March 11, 1985. [1] Petitioner filed a Notice of Objection to Respondent's Motion to Dismiss for Lack of Jurisdiction with attachments on March 21, 1985. Respondent's motion was scheduled for hearing on April 24, 1985, at the Motions Session of the Court held at Washington, D.C. No appearance was made by or on behalf of petitioner. Respondent appeared and presented argument, at the conclusion of which the Court took respondent's motion under advisement. On September 14, 1984, respondent by certified mail, sent the statutory notice of deficiency to petitioner at his last known address. Therein respondent determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1981 in the amount of $330.00. On December 5, 1984 [2] petitioner *418 sent by ordinary mail a correctly addressed envelope containing his petition to the United States Tax Court. The United States Postal Service returned the petition to petitioner marked "insufficient postage" and, thus, that mailing never reached the Tax Court. Petitioner remailed his petition which was filed on January 15, 1985 to the Tax Court with proper postage in a correctly addressed wrapper postmarked January 8, 1985. See sections 6213 and 7502. [3] January 8, 1985 and January 15, 1985 are the 116th day and 123rd day, respectively, after the notice of deficiency was mailed, both of which dates are beyond the 90-day period for filing provided by section 6213. On March 11, 1985, respondent filed his motion herein under consideration in which he contends that the petition was not timely filed pursuant to sections 6213(a) and 7502. Petitioner argues that December 5, 1984, the postmark date of the wrapper which was returned to him owning to insufficient postage, should be treated as the filing date. He further argues that he followed *419 all legal requirements in mailing the envelope postmarked December 5, 1984. [4]
*420 Our research has not disclosed any case that has ruled on the validity of a petition timely sent by ordinary mail but not received by the Tax Court within the required 90-day period because it was mailed with insufficient postage. [5] Nor has any such case been brought to our attention by either party. Section 6213 provides that a petition to the Tax Court for redetermination of a deficiency must be filed with this Court within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency is mailed to the taxpayer. The time provided for the filing of a petition with this Court is jurisdictional and cannot be extended. Failure to file within the prescribed period requires *421 that the petition be dismissed for lack of jurisdiction. ; ; ; ; . Section 7502(a) provides as a general rule that if the petition is delivered to the Tax Court by United States mail in an envelope properly addressed, postage prepaid "the date of the United States postmark stamped on the cover" in which such petition is mailed "shall be deemed to be the date of delivery" of the petition to the Court, and hence the filing date; provided "the postmark date" falls within the prescribed period for filing the petition. Section 301.7502-1(c)(1), Proced. & Admin. Regs., Mailing Requirements, provides that: "* * * [s]ection 7502 is not applicable unless the document is mailed in accordance with the following requirements: (i) The documents must be contained in an envelope or other appropriate wrapper, properly addressed * * *422 *. (ii) The document must be deposited within the prescribed time in the main in the United States with sufficient postage prepaid. * * *." [Emphasis added.] The record clearly shows that the December 5, 1984 letter was not mailed with sufficient postage and thus does not qualify for the remedial treatment prescribed under section 7502.[6] The petition filed on January 15, 1985 was clearly not timely filed. Based on this record, we grant respondent's Motion to Dismiss for Lack f Jurisdiction. To reflect the foregoing, An appropriate order of dismissal will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. The wrapper shows a postmark of December 5, 1984.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Petitioner submitted U.S. Tax Court Form 106 (July 1984) and a photocopy of page 2 of the United States Tax Court pamphlet entitled "Election of Small Tax Case Procedure and Preparation of Petitions", in support of this argument. Petitioner underlined various portions of Form 106 and on page 2. The underlined portion of Form 106 states with respect to when a petition must be received to be timely: "* * * or the envelope in which it was mailed must bear a LEGIBLE UNITED STATES POSTMARK within the 90-day period. * * *" The underlined portion of page 2, Election of Small Tax Case Procedure and Preparation of Petitions, also pertaining to the timely filing states: "* * * with a United States postmark showing a legible date within the 90-day period. * * *" Petitioner failed to note, however, that these underlined portions follow a segment which notes that the petition must be received↩ in an envelope addressed to the United States Tax Court. Here the petition was received in an envelope postmarked January 8, 1985. Thus, these attachments lend no support to petitioner's arguments and will not be further discussed.
5. But see and compare, , a case involving a petition sent by certified mail, sender receipt postmarked, but erroneously returned to sender marked postage due. See also , where a petition was mailed by ordinary mail within the required 90-day period, but never received by the Court and a second petition was subsequently mailed late.↩
6. Petitioner could have avoided this problem by sending his petition by certified or registered mail. In those cases the United States Postal Service insures that the proper postage is affixed. In addition, as to registered mail, the date of registration is treated as the postmark date; as to certified mail, the mailer can obtain a postmarked receipt which is evidence of timely mailing and hence timely filing. Sec. 7502(c); sec. 301.7502-1(c)(2), Proced. & Admin. Regs. Cf. ↩